FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-1360

_____

JAMES CLARK III,

  Appellant,

  v.

STATE OF FLORIDA,

  Appellee.

_____

On appeal from the Circuit Court for Alachua County.
Bo Bayer, Judge.


July 8, 2026


PER CURIAM.

James Clark III appeals his convictions and sentences for two counts of robbery with a firearm. He raises several issues, but we write only to address whether the trial court erred by proceeding to trial without first resolving the question of Clark's competency. The State properly concedes error on that issue. We reverse and remand for a retroactive competency determination, if one can be made. In all other respects, we affirm.

Before trial, defense counsel submitted a competency report from Dr. Mathew Nguyen, who opined that Clark was not competent to proceed. The trial court set a competency hearing. At that hearing, both parties requested a second evaluation, and the court continued the hearing until Clark could be evaluated by a

second expert. The court appointed Dr. Tonia Werner, who later opined that Clark was competent to proceed.

The record does not reflect that the trial court held a competency hearing after Dr. Werner's report or adjudicated Clark competent, despite the competing expert reports. Clark did not object when the case proceeded to trial without a competency determination. But once the record contains reasonable grounds to question a defendant's competency, the trial court must hold a competency hearing and enter a competency determination before proceeding. *See* Fla. R. Crim. P. 3.210(b), 3.212(b); *State v. Dortch*, 317 So. 3d 1074, 1080 (Fla. 2021).

This case is like *Davis v. State*, 393 So. 3d 309 (Fla. 1st DCA 2024). There, as here, the record included competing expert reports on competency but did not show that the trial court held a competency hearing or entered a written competency order before trial. *Id.* at 310. We reversed and remanded for a retroactive competency determination, if possible. *Id.*

Accordingly, on remand, the trial court shall determine whether it can make a retroactive determination of Clark's competency at the time of trial. If it can, and if the court finds that Clark was competent when tried, the court shall enter a *nunc pro tunc* written order finding him competent. The judgment and sentences will remain unchanged.

If the court cannot make a retroactive competency determination, or if it finds that Clark was incompetent at the time of trial, Clark is entitled to a new trial if and when he is competent to proceed. *See Davis*, 393 So. 3d at 310; *Zern v. State*, 191 So. 3d 962, 965 (Fla. 1st DCA 2016).

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

OSTERHAUS, C.J., and RAY and LONG, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Victor D. Holder, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Miranda Lee Butson, Assistant Attorney General, Tallahassee, for Appellee.